JENIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JENNIFER SHOCKLEY, individually, and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIMELENDING, A PLAINSCAPITAL COMPANY,<br><br>Defendant. | Case No. 4:17-cv-00763<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jennifer Shockley ("Plaintiff"), by and through her undersigned counsel, and for her Complaint against PrimeLending, a PlainsCapital Company ("PrimeLending" or "Defendant") hereby states and alleges as follows:

## NATURE OF THE ACTION

1. PrimeLending is a residential mortgage lender that provides services nationwide. *See* https://www.primelending.com. Defendant's policy and practice is to deny overtime pay to its Mortgage Loan Processors. Defendant's deliberate failure to pay its employees all of their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), as well as Missouri state laws.

2. Plaintiff Jennifer Shockley, and all other similarly situated employees, worked for Defendant as Mortgage Loan Processors. This lawsuit is brought as a collective action under the FLSA and as a state law class under Rule 23 to recover unpaid wages and related penalties and damages owed to Plaintiff, and all other similarly situated employees.

# PARTIES

3. PrimeLending is a mortgage originator with an "unwavering focus on delivering the best home loan experience in the industry." *See* History of PrimeLending at https://www.primelending.com/about-us/history/. PrimeLending has "more than 3,000 employees and serve[s] homeowners and business partners throughout the United States. From 2012-2015, we've been a top 10 ranked purchase lender in the nation for MarketTrac©." *See id*. "At the heart of your PrimeLending experience is the personal relationship with a home loan expert to guide you through the mortgage process at every turn…" *Id*.

4. Defendant PrimeLending, a PlainsCapital Corporation, is a Texas Corporation, with its principal place of business at 18111 Preston Road, Suite 900, Dallas, Texas 75252. Defendant can be served through its designated registered agent in Missouri: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

5. Plaintiff Jennifer Shockley is a current resident of Blue Springs, Missouri. Ms. Shockley was employed by Defendant as a Mortgage Loan Processor at its Lee's Summit, Missouri location from approximately June 2016 until July 2017. Ms. Shockley's consent to join form is attached hereto as **Exhibit 1**.

6. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA and Mo. Rev. Stat. § 290.500. At all relevant times, Defendant has employed "employee[s]," including Plaintiff and those persons similarly situated to Plaintiff as described herein. At all relevant times, Plaintiff, and the other members of the class, were engaged in commerce and/or worked for Defendant.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.

8. This Court has supplemental jurisdiction for all claims asserted under the Missouri Minimum Wage Law, as these claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

9. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant is registered to do business in this State. Additionally, Defendant advertises and regularly conducts business within this District, including hiring employees.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendant conducts business and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the District.

## FACTUAL ALLEGATIONS

11. Defendant has "locations across the nation and the ability to originate loans in all 50 states." *See* https://www.primelending.com/about-us/news/national-mortgage-lender-primelending-opens-branch-in-camdenton-mo/.

12. Defendant has employed hundreds of Mortgage Loan Processors who may apply online at https://primelending-hilltop-holdings.icims.com/jobs/intro?hashed=-435682972&mobile=false&width=670&height=500&bga=true&needsRedirect=false&jan1offset=-360&jun1offset=-300 through a universal online job application.

13. Plaintiff, and other similarly situated Mortgage Loan Processors, worked with loan

3

officers, loan officer assistants, customers, and realtors to gather information and documents necessary to assemble a completely documented loan file to be provided to underwriting and closing.

14. Defendant classified Plaintiff, and other similarly situated Mortgage Loan Processors, as "non-exempt" under the FLSA and entitled to receive overtime pay. Plaintiff, and other similarly situated Mortgage Loan Processors, were paid on an hourly wage based upon a forty-hour work week.

15. Plaintiff, and other similarly situated Mortgage Loan Processors, were required to submit their timesheets to management for approval.

16. Upon information and belief, as part of the approval process, Defendant permitted and encouraged managers to instruct Plaintiff, and other similarly situated Mortgage Loan Processors, to modify or decrease their recorded time before the manager would approve the timesheet.

17. Plaintiff, and other similarly situated employees, were contacted by management and advised they were only allowed to record time for hours worked totaling forty hours each week. When Plaintiff, and other similarly situated employees, recorded hours over forty in a week, Plaintiff, and other similarly situated employees, were told by management to use paid time off for these hours and deduct them from their timesheet and/or told to delete the hours over forty in a week.

18. As directed by management, Plaintiff, and other similarly situated employees, changed their time records to reflect only forty hours in a week, despite having worked more than forty hours in a week and advising management they worked more than forty hours in a week.

19. Requiring Plaintiff, and other similarly situated employees, to change their own

4

time sheets helped cover the fact that overtime was being deleted at Defendant's direction.

20. Plaintiff, and other similarly situated employees, share common job duties and descriptions and, upon information and belief, are all subject to Defendant's policy and practice that requires them to perform work, including overtime, without compensation.

21. Defendant implements its unlawful policy and practice of failing to pay for all overtime hours worked by Plaintiff, and other similarly situated employees, under the following means: (a) Defendant does not allow them to record all hours worked, including hours in excess of forty per work week; (b) Defendant erases or modifies their recorded hours, or requires them to erase or modify their recorded hours, on its Time Clock Reporting tool to eliminate or reduce hours worked, including hours in excess of forty per work week; and/or (c) Defendant requires them to use paid time off instead of recording hours in excess of forty per work week.

22. Defendant could easily and accurately record the actual time worked by Plaintiff, and other similarly situated employees, including, for example, by providing a punch card clock at the door of the branch or by restricting Mortgage Loan Processors' remote access to PrimePath software after the Mortgage Loan Processors leave the branch. However, Defendant has failed to install an immutable time-keeping system that was not subject to manipulation.

23. Upon information and belief, Defendant is adhering to the same policy and practice with respect to Mortgage Loan Processors nationwide.

24. At all times herein pertinent, Defendant's non-exempt Mortgage Loan Processors were entitled to be paid overtime wages. Defendant's policy and practice is in direct violation of Mo. Rev. Stat. §§ 290.500, *et. seq*. and the FLSA, and Plaintiff, and other similarly situated employees, seek proper compensation for work performed, liquidated and/or other damages as permitted by applicable law, and attorneys' fees, costs, and expenses incurred in this action.

25. The net effect of Defendant's policy and practice, instituted and approved by company managers, is that Defendant willfully failed to pay overtime wages in order to save payroll costs, increase its profits and undercut its competition.

## COLLECTIVE AND CLASS ALLEGATIONS

**FLSA Collective Action.**

26. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

27. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff, individually, and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

**Missouri Rule 23 Class.**

30. Plaintiff Jennifer Shockley, as Missouri Class Representative, brings Counts II – III as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of herself and the following class of persons:

> A Missouri opt out class that includes (1) Missouri Minimum Wage Law ("MMWL") claims for "All PrimeLending Mortgage Loan Processors who worked for PrimeLending from September 11, 2014 through the present" and (2) Missouri unjust enrichment/quantum meruit claims for "All PrimeLending Mortgage Loan Processors who worked for PrimeLending from September 11, 2012 through the present."

6

31. The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Missouri Class.

32. The Missouri Class satisfies the numerosity standards in that while the exact number of class members is unknown at the present time, upon information and belief, the Missouri Class should easily number well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through posting, direct mail and electronic mail.

33. There are questions of fact and law common to the Missouri Class that predominate over any questions affecting individual members. The questions of law and fact common to the Missouri Class arising from Defendant's actions include, without limitation, the following:

a. Whether Defendant has engaged in a common course of failing to compensate its non-exempt employees for all hours worked, including straight time and overtime;

b. Whether Defendant has engaged in a common course of requiring or permitting its non-exempt employees to not report all hours worked;

c. Whether Defendant has engaged in a common course of failing to maintain true and accurate time records for all hours worked by its non-exempt employees;

d. Whether Defendant has engaged in a common course of altering the time records of its non-exempt employees;

e. Whether Defendant's actions were willful;

f. Whether Defendant knew or had reason to know its policies and compensation practices were unlawful; and

g. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

34. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

35. Plaintiff's claims are typical of those of the class because the class members have been paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices as Plaintiff.

36. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

37. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the members of the classes she seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and undersigned counsel, who have experience in employment and class action lawsuits.

38. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

39. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

40. At all times material herein, Plaintiff, and all other similarly situated employees, have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

41. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

42. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at the federal minimum wage for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

43. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

44. Plaintiff brings this Complaint pursuant 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action that Defendant failed to compensate at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

45. Defendant violated the FLSA by failing to compensate Plaintiff, and other similarly situated employees, for their overtime wages. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

46. Plaintiff, and all similarly situated employees, are victims of a uniform and company-wide compensation policy. Defendant is applying this uniform policy of failing to pay overtime compensation for all hours worked over forty in a work week in violation of the FLSA to all Mortgage Loan Processors employed by Defendant during the last three years.

47. Plaintiff, and all similarly situated employees, are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

48. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff, and other similarly situated employees, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime premium pay, Plaintiff, and all similarly situated employees, are entitled to an award of prejudgment interest at the applicable legal rate.

49. As a result of the aforesaid willful violations of the FLSA, wages have been unlawfully withheld by Defendant from Plaintiff, and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys'

10

fees, and costs of this action.

WHEREFORE, Plaintiff, and all similarly situated employees, demand judgment against Defendant and pray for: (1) designation of this action as a collective action on behalf of all similarly situated employees and prompt issuance of notice to all similarly situated employees (the FLSA class), apprising them of the pendency of this action; (2) compensatory damages; (3) liquidated damages; (4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II -
## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *ET. SEQ.*

50. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

51. The foregoing conduct as alleged violates the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.* ("Missouri wage laws").

52. The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

53. Plaintiff, and the class of other similarly situated Mortgage Loan Processors, were employed by Defendant and worked more than forty hours in a workweek. Plaintiff, and other similarly situated Mortgage Loan Processors, are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of 40 hours in a workweek.

54. Defendant employs/employed other Mortgage Loan Processors who are/were not compensated at a rate of not less than one and half times the regular rate of pay for work performed

in excess of forty hours in a work week and were treated as non-exempt employees under the Missouri wage laws. All such employees are hereby referred to as "similarly situated" employees, or "class members."

54. These "similarly situated" employees were paid on an hourly wage based upon a forty hour work week.

56. All similarly situated employees working for Defendant are similarly situated in that they were not compensated at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

57. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to lawfully compensate them.

58. This Complaint is brought and maintained as a class action for all state law claims asserted by Plaintiff because her claims are similar to the claims of the class members.

59. The names and addresses of the class members are available from Defendant. The Defendant failed to compensate Plaintiff, and the class members, at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. § 290.500, *et. seq.*

60. Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the class, seek damages in the amount of all respective unpaid overtime wages plus liquidated damages, as provided by the MMWL and such legal and equitable relief as the Court deems just and proper.

61. Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the class, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. §§ 290.500, *et. seq.*

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, demand judgment against Defendant and pray for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

### COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

62. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

63. Defendant has been and is being enriched by not paying Plaintiff, and other similarly situated employees, for all overtime wages. Defendant has been and is being enriched at the expense of Plaintiff, and other similarly situated employees, because Plaintiff and others were not properly compensated for their work.

64. Defendant intentionally refused to pay Plaintiff, and other similarly situated employees, at the proper rate for all overtime hours worked. Defendant knows or should know the proper rate of pay for Plaintiff, and other similarly situated employees, and Defendant knows or should know that Plaintiff, and other similarly situated employees, record overtime wages but are not compensated for all overtime wages. Such wrongful conduct demonstrates bad faith on the part of Defendant.

65. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff, and other similarly situated employees.

13

Case 4:17-cv-00763-NKL   Document 1   Filed 09/11/17   Page 13 of 14

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, demand judgment against Defendant and pray for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

Respectfully submitted,

By: */s/ Laura C. Fellows*
Virginia Stevens Crimmins, Mo # 53139
Laura C. Fellows, Mo # 65896
**CRIMMINS LAW FIRM LLC**
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 855-974-7020
v.crimmins@crimminslawfirm.com
l.fellows@crimminslawfirm.com


Kelly McCambridge, Mo # 60839
Heather Hardinger, Mo # 62925
**MCCAMBRIDGE LAW, LLC**
1308 NE Windsor Drive
Lee's Summit, MO 64086
Telephone: 816-389-8345
Fax: 816-875-2388
Kelly@McCambridgeLaw.com
Heather@McCambridgeLaw.com


**ATTORNEYS FOR PLAINTIFF AND THE CLASS**