# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JENNIFER SHOCKLEY, individually, and on behalf of all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> PRIMELENDING, A PLAINSCAPITAL COMPANY, <br><br> Defendants. | Case No. 4:17-cv-00763-NKL |

# ORDER

After having fully and carefully reviewed the proposed Settlement Agreement and Release of Claims ("Settlement Agreement") (Doc. 55-1), the Court hereby finds, for the good cause shown, that the Settlement Agreement was negotiated at arm's-length by the parties, and that the Settlement Agreement is a fair, equitable, and reasonable resolution of a bona fide dispute in contested litigation; the Court hereby ORDERS that:

1. The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a bona fide dispute in this contested litigation. The form of the Notice and Consent to Join form to potential opt-in Plaintiffs (attached as Exhibit B to the Settlement Agreement) (Doc. 55-1, at 17–20) is APPROVED.

2. Moreover, the formula for distribution of settlement payments and the amounts set forth in Exhibit A to the Settlement Agreement (Doc. 55-1, at 16) are APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment by Defendant to Plaintiffs and any potential opt-in Plaintiff who timely elects to participate in the settlement.

3. Solely for purposes of settlement, this case is certified as a collective action under Section 16(b) of the Fair Labor Standards Act (FLSA) defined as follows:

> the 18 individuals who worked for Defendant as processors in the Kansas City area under the supervision of operations manager Lisa Lee at any time between October 1, 2016 and January 5, 2019 and who have not previously settled with Defendant.

4. Crimmins Law Firm, LLC is appointed as Class Counsel for the FLSA collective action.

5. Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs (Doc. 57) is GRANTED. Plaintiff is entitled to an award of fees and costs in the amount of $125,000.00.

6. A service award to Named Plaintiff in the amount requested is APPROVED.

7. Defendant is hereby ORDERED to pay Named Plaintiff, and any potential Plaintiff who timely elects to participate in the settlement, and Class Counsel in accordance with and subject to the terms of the Settlement Agreement.

8. The Court will accept the filing of the consent to join forms for any Opt-in Plaintiff who timely and properly elects to opt-in to this litigation in accordance with and subject to the terms of the Settlement Agreement.

9. Per the terms and conditions of the parties' Settlement Agreement, after dismissal of this Lawsuit, the Court will retain continuing jurisdiction for purposes of the (1) implementation of the settlement and any award or distribution of the settlement payments, (2) construction, enforcement, and administration of the Settlement Agreement, and (3) submission to the Court of consent to opt-in forms from those Class Members who timely and properly elect to opt-in to this litigation, in accordance with and subject to the terms of the Settlement Agreement. *See Kokkohnen* v. *Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement);

*see also Davis v. NovaStar*, 04-0956-CV-W-FJG, Order (W.D. Mo. Oct. 13, 2006) (dismissing FLSA case with prejudice but retaining jurisdiction over settlement).

    10.    The parties are ordered to file a stipulation of dismissal with prejudice, with the Court retaining continuing jurisdiction as set forth herein, within 30 days of the final payments being made under the Settlement Agreement.

**IT IS SO ORDERED.**

                                  /s/ Nanette K. Laughrey
                                  NANETTE K. LAUGHREY
                                  United States District Judge

Dated: February 11, 2020
Jefferson City, Missouri